IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES STEPHEN CARDER )
)
v. ) NO. 1:21-00074
)
BILLY LAMB, et al. )

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered December 10, 2021 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights lawsuit to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment (Docket Entry No. 16) filed by Defendants Billy Lamb, Sabrina Patterson, Marco Lopez, Kolten Sharp, and Marshall County, Tennessee. Plaintiff has not filed a response to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

James Carder ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee. On November 19, 2021, he filed this *pro se* lawsuit under 42 U.S.C. § 1983. Plaintiff seeks damages based upon allegations that his constitutional rights were violated while

he was confined at the Marshall County Jail ("Jail") in Lewisburg, Tennessee from September 19, 2019, to November 12, 2020, prior to being transferred to TDOC. *See* Complaint (Docket Entry No. 1).

Although Plaintiff raised several claims about the conditions of confinement at the Jail, the Court found upon initial review of his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A that the only arguable claim in the complaint was an Eighth Amendment cruel and unusual punishment claim and dismissed all other claims. *See* Memorandum and Order entered December 10, 2021 (Docket Entry Nos. 5 and 6). Plaintiff's sole claim is based upon the use of chemical sprays by staff at the Jail to disinfect inmates and their personal belongings and sleeping items. Plaintiff alleges that these sprays caused him to suffer adverse side-effects, such as breathing and eyesight problems and painful rashes, and that he learned from reading the label of one of the sprays in June of 2020 that the sprays were toxic to humans. He contends that the staff continued to use the sprays despite his complaints and grievances about the matter and despite their awareness of the risk of harm caused by use of the sprays.

Process was ordered to issue to five defendants in their individual capacities: Marshall County Sheriff Billy Lamb ("Lamb"); Jail Administrator Sabrina Patterson ("Patterson"); and three corrections officers -- Marco Lopez ("Lopez"), Kolten Sharp ("Sharp"), and f/n/u Ramirez. Process was also ordered to issue to the municipal government of Marshall County, Tennessee, to the extent that the defendants were also sued in their official capacities as employees of Marshall County, based upon an alleged policy or practice at the Jail of spraying inmates and/or their property with a known, toxic chemical spray.

Defendants Lamb, Patterson, Lopez, Sharp, and Marshall County (collectively referred to herein as "Defendants") answered the complaint, *see* Answer (Docket Entry No. 15), and shortly thereafter filed the pending motion for summary judgment. Service of process upon Defendant Ramirez was returned unexecuted at the address provided by Plaintiff. Plaintiff has not taken any steps to have process re-served upon Ramirez at an alternative address.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with: (1) a memorandum of law (Docket Entry No. 17); (2) a statement of undisputed material facts (Docket Entry No. 19); and, (3) the declaration of Patterson (Docket Entry No. 18), and nineteen exhibits attached thereto (Docket Entry No. 18-1 to 18-19). Defendants raise three affirmative defenses as the basis for their motion. First, they argue that the one-year statute of limitations set out in Tenn. Code Ann. § 28-3-104(a)(3) applies to this lawsuit and bars Plaintiff's claims because the events about which he complains occurred more than one year prior to the filing of his lawsuit. *See* Memorandum at 7-9. Second, they argue that Plaintiff failed to fully exhaust his available administrative remedies at the Jail prior to filing this lawsuit, as is required by a provision in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Id*. at 10-11. Finally, Defendants argue that they are entitled to qualified immunity from any assessment of personal liability against them. *Id*. at 12-14.

Plaintiff was notified of the motion, informed of the need to respond, and given a deadline of April 8, 2022, to file a response. *See* Order entered February 22, 2022 (Docket Entry No. 20). Plaintiff was specifically warned that his failure to file a timely response could result in the

dismissal of the action. Despite being given more time than required by the Local Rules to file a response, Plaintiff has not filed a response of any kind to the motion.[1]

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

---

[1] The docket reflects that Plaintiff's last contact with the Court was his return of service packets to the Clerk's Office in January 2022.

## IV.　CONCLUSIONS

Although the allegations in Plaintiff's complaint were sufficient to permit the case to proceed past initial review and to have process issued in the case, Plaintiff has not responded to the legal arguments for summary judgment made by Defendants, has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f),[2] and has not set forth any evidence or argument in support of his claim.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting the party's claims and establishing the existence of a genuine issue of material fact that requires that the lawsuit proceed to trial.　*See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).　Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party.　*Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).　It is also not appropriate for the Court to supply or assume facts supporting Plaintiff's case, and the Court is not required to make legal arguments on behalf of a non-responsive or *pro se* party.　*See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012).　*See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406

---

[2] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment.　Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

(6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

The Court finds that Defendants have raised a sound and persuasive argument that Plaintiff's lawsuit is barred by the applicable statute of limitations. As Defendants correctly assert, the one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a)(3) applies to claims brought under 42 U.S.C. § 1983 that arise in Tennessee. *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).[3] Thus, Plaintiff's Eighth Amendment claim must have been brought within one year of when the claim accrued. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*.

Plaintiff's claim accrued and the statute of limitations period began to run when he knew or had reason to know of the injuries which are the basis of his action. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016); *Roberson*,

---

[3] Because Section 1983 does not include a limitations period, the applicable statute of limitations is the state statute of limitations that applies to personal injury actions under the law of the state in which the Section 1983 claims arise. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Haley v. Clarksville-Montgomery Cty. School Syst.*, 353 F.Supp.3d 724, 730 (M.D.Tenn. 2018).

6

*supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Wyatt v. A–Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995). Courts determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights." *Roberson*, 399 F.3d at 794 (quoting *Hughes*, 215 F.3d at 548).

By any fair reading of Plaintiff's complaint, he knew of the events at issue and his injuries involving the use of the chemical spray at the Jail in 2020 more than one year prior to his filing of his lawsuit on November 11, 2021.[4] Plaintiff's complaint sets out June 15, 2020, as the date when he knew of the alleged toxicity of the spray being used at the time, and the Jail grievance documents and complaint forms that Plaintiff attached to his complaint refer primarily to events occurring in August 2020, with his final grievance being filed on November 2, 2020. There is no reference in the complaint or the attachments to any spraying event that occurred within one year of the filing of Plaintiff's complaint. Indeed, the only factual allegation made by Plaintiff of an event that even falls within the statute of limitations period is that he had a "final discussion on the issue on Nov. 12, 2020, before getting shipped to prison." *See* Complaint at 6. However, this vague allegation does not actually allege a "spraying event," only Plaintiff's discussion of "the issue" with some unnamed Jail official on the eve of his return to TDOC.[5] It is clear from Plaintiff's own allegations that he was aware of the events forming the basis for his claim more

---

[4] Although Plaintiff's complaint was not received by the Court until November 19, 2021, he asserts that he delivered it to prison officials for mailing on November 11, 2021, and the mailing envelope in which it was mailed bears a postmark of November 12, 2021. *See* Docket Entry No. 1. Given Plaintiff's status as an incarcerated individual, the Court uses November 11, 2021, as the date on which his lawsuit was filed for the purposes of the statute of limitations.

[5] Defendants' supporting evidence shows that Plaintiff was transferred from the Jail to TDOC at 4:22 a.m. on November 12, 2020. *See* Patterson Declaration at ¶ 16 and Exhibit Q (Docket Entry No. 18-17).

7

than one year prior to filing his lawsuit. Plaintiff has also not rebutted any of Defendants' evidence showing that his claim accrued outside of the one year statute of limitations period or set forth any rebuttal argument to the statute of limitations defense.

The statute of limitations defense raised by Defendants is sufficient to warrant the dismissal of the case in its entirety. Because dismissal of the entire case is warranted for this reason alone, it is unnecessary to address Defendants' alternative arguments for dismissal. Although Defendant Ramirez has not been served with process and has not joined in the motion for summary judgment, the dismissal of the case on statute of limitations grounds applies equally to the claim against him.[6]

## RECOMMENDATION

Based on the forgoing, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 16) filed by Defendants Billy Lamb, Sabrina Patterson, Marco Lopez, Kolten Sharp, and Marshall County, Tennessee, be GRANTED and that Plaintiff's case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

---

[6] Given the lack of service of process upon Defendant Ramirez, he is also subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge